# PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.

JOHN C. PHILLIPS, JR.
ROBERT S. GOLDMAN
LISA C. MCLAUGHLIN
JAMES P. HALL
DAVID A. BILSON
MEGAN C. HANEY

ATTORNEYS AT LAW
PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DE 19806
_____

(302) 655-4200 (P)
(302) 655-4210 (F)

July 12, 2019

**VIA CM/ECF & HAND DELIVERY**
The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street - Unit 28
Room 2325
Wilmington, DE 19801-3555

Re:   *Sound View Innovations, LLC v. AMC Networks, Inc., et al.,* C.A. No. 19-145-CFC-CJB;
      *Sound View Innovations, LLC v. CBS Interactive Inc., et al.,* C.A. No. 19-146-CFC-CJB;
      *Sound View Innovations, LLC v. The CW Network, LLC,* C.A. No. 19-147-CFC-CJB;
      *Sound View Innovations, LLC v. HSN, Inc.,* C.A. No. 19-193-CFC-CJB;
      *Sound View Innovations, LLC v. QVC, Inc.,* C.A. No.19-194-CFC-CJB

Dear Judge Burke:

This letter is submitted pursuant to the Court's July 8, 2019 Oral Order regarding the parties' ongoing efforts to agree to a process for producing documents from Sound View's other litigation. The parties disagree about the procedure for producing roughly 100-150 documents that are subject to a protective order entered by the court in an earlier-filed case that is still pending. In total, confidential information belonging to at least five different entities is at issue, including financial and technical information from other entities that operate video streaming services. That protected information appears primarily in two forms: 1) documents produced and designated confidential in the other litigation by third-party Nokia[1], and 2) documents served by Sound View that contain information designated confidential by third parties (e.g., expert reports and sealed motions comprising information designated confidential by other entities).

Sound View has already informed Defendants that it does not object to production of the documents they request. Instead, Sound View merely seeks to avoid a scenario in which it faces competing court orders. The requested information is subject to the court-entered protective order in accordance with which it was originally produced. That order includes procedures for

---

[1] The relevant Nokia documents were produced under a designation preventing access by even in-house counsel at Sound View. Thus, while Sound View's counsel has access to those documents subject to the protective order, Sound View itself does not properly have possession, custody, or control of the documents in question. Defendants have been unwilling to seek those documents from Nokia directly. In an effort to expedite production, Sound View counsel sought permission from Nokia to produce those documents on Nokia's behalf. Nokia is awaiting issuance of a protective order in this case.

The Honorable Christopher J. Burke                                                             Page 2
July 12, 2019

production. Defendants seek a competing order from this Court that would require Sound View to follow a different process for producing those documents.

The protective order at issue includes a provision entitled, "Other Proceedings" (*see* Ex. 1 § 15.6), which states that Sound View may produce designated materials pursuant to an order from another Court if, upon being subject to a motion to produce designated materials in the proceeding, Sound View notified the designee so that they had "an opportunity to appear and be heard on whether that information should be disclosed." *See id*. The "Other Proceedings" provision does not give Sound View the power to unilaterally modify the procedures by which such information may be produced in other proceedings, for example, by agreement with a defendant in subsequent litigation. In light of those provisions, Sound View does not believe that it may properly ask this Court to issue an order to produce designated materials without giving the designating parties an opportunity to be heard in opposition to a motion to compel.[2]

In any case, a Court order to produce documents is premature. These cases are in an early stage; a protective order has not been entered yet. To date, Sound View has cooperated with Defendants' requests for documents. Sound View agreed to produce documents that it had sole discretion to produce. Sound View also agreed to produce confidential license agreements on an expedited basis, working with Defendants to agree to a process for producing the documents in a manner that would allow Sound View to meet its contractual obligations to third parties (e.g., to provide reasonable notice and an opportunity to object). (*See* D.I. 42.) Likewise, Sound View has offered to help Defendants obtain the documents now at issue without Court intervention. Sound View has already contacted Nokia to seek permission to re-produce Nokia's documents, and offered to reach out to the other affected third parties once a protective order is entered. Defendants rejected that proposal, and insisted upon seeking a Court order.

Given the Sound View's cooperation to date, and the complications a Court order to produce documents could create, Sound View respectfully requests that the Court deny Defendants' request. In the alternative, Sound View respectfully requests that the Court enter an order that: (1) Defendants' requested process for production constitutes a Motion to Compel in this Court; (2) Sound View shall notify affected third parties of Defendants' motion within 14 days of the order date or the date a protective order is entered in this case (whichever is later); (3) any third parties who object to the production of their designated information may move for a

---

[2] A second provision in Sound View's prior protective order, entitled "Protected Material Subpoenaed or Ordered Produced In Other Litigation" (*see* Ex. 1. § 11) confirms that the protective order requires Sound View to ensure that affected parties have an opportunity to be heard before production of their designated information. That provision addresses how Sound View should deal with a competing subpoena or court order requiring the production of designated materials. That provision requires Sound View to make best efforts to place the designating party in the same position (s)he would have been in if Sound View had received a motion to compel, by: (1) notifying the party who caused the subpoena or order to issue that the subpoena or order covers designated material, (2) notify the designating parties, (3) to "cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected," and (4) to refrain from producing documents if the designee timely seeks a protective order. (*See id*. at § 11.1.)

The Honorable Christopher J. Burke                                                                                          Page 2
July 12, 2019

protective order within 30 days of receiving such notification; and (4) the Court will rule on Defendants' Motion to Compel only after the deadline for seeking a protective order has expired.

                                                          Respectfully submitted,

                                                          */s/ John C. Phillips, Jr.*

                                                          John C. Phillips, Jr. (No. 110)


cc:      All Counsel of Record (via CM/ECF and email)
            Clerk of Court